IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD R. PEVIA, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-16-1950 |
| WEXFORD HEALTH SOURCE, INC., et al., | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

Donald Pevia, the self-represented plaintiff, filed a motion for an emergency injunction. ECF 2. In response to an Order of this Court (ECF 3), the Office of the Attorney General has filed a response. ECF 7. Also pending is plaintiff's motion for default judgment (ECF 8) alleging that the named defendants failed to timely respond to the complaint.

No hearing is necessary to resolve either motion. For the reasons that follow, the motions shall be denied.

### I.    Factual Background

Plaintiff, a State inmate incarcerated at the North Branch Correctional Institution ("NBCI"), filed a civil rights complaint against Wexford Health Source, Inc., Dr. Ashraft, and Dr. Barrea, alleging that defendants denied him constitutionally adequate medical care when they failed to prescribe Harvoni to treat plaintiff's chronic Hepatitis C infection ("HCV"). ECF 1 at 1-3. Plaintiff's complaint, dated May 30, 2016, seeks damages as well as injunctive relief. ECF 1 at 3. Accompanying his complaint is his motion for emergency injunctive relief. ECF 2.

Plaintiff indicates that in 2012, he began treatment for HCV with Interpheron but did not tolerate the side effects of the treatment well and discontinued same. *Id*. at 5. He states that he was advised by the chronic case nurse "Becca" that when he was ready to complete the

treatment he could request to resume same. ECF 1 at 1-3.

In 2015, plaintiff learned that Interpheron therapy had been discontinued as the treatment for HCV and that a new treatment, Harvoni, was available. *Id*. He was advised that Harvoni only required 6-8 weeks of treatment and had fewer side effects. *Id*. Plaintiff requested to be provided Harvoni to treat his HCV. *Id*.

Several months passed with no treatment. *Id*. at 5-6. Plaintiff states that during this time he began to experience symptoms of his HCV infection, including soreness on his right side, yellowing of the eyes, and loss of energy. *Id*. at 6. He wrote several sick calls slips requesting to be seen by medical staff but they were not addressed. *Id*.

On May 9, 2016, plaintiff submitted an administrative remedy ("ARP") regarding the lack of treatment for his HCV. *Id*. Plaintiff was advised that the prison was treating patients in order of those with the "highest level" beginning with level 4; once all those at level 4 were treated the next highest level would be treated. *Id*. Plaintiff expressed his concern that if medical staff waited to treat him, by the time he would receive treatment he would be one of the highest levels and would suffer greater damage to his liver. *Id*. at 6-7.

In response to the motion for emergency injunctive relief, counsel for the Attorney General submitted the Declaration of Sharon Baucom, M.D., the Executive Director of Clinical Services for the Maryland Department of Public Safety and Correctional Services. She indicates that on June 16, 2016, Wexford Health Sources, Inc.'s treatment staff reviewed plaintiff's medical records against the protocol/guidelines for treatment of HCV and referred plaintiff's case for presentation to the HCV panel. ECF 7-1, ¶3. On June 27, 2016, plaintiff was approved by the HCV panel for treatment with Harvoni. *Id*. Plaintiff's viral load testing was completed on July 1, 2016. He was scheduled for medication education and to begin his 12 week Harvoni

treatment protocol before July 10, 2016. *Id*.  Plaintiff appears to concede that his request for emergency injunctive relief has been resolved.  ECF 11 at 1.

## II. Discussion

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979)).  For a declaratory judgment to issue, there must be a dispute which "calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts." *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 242, 242 (1937); *see also Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).  Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Rd's Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (pretrial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).

Section 1983 actions seeking injunctive and/or declaratory relief have been declared moot when the practices, procedures, or regulations challenged were no longer in use. *See, e.g.*, *Tawwab v. Metz*, 554 F.2d 22, 23-24 (2d Cir. 1977); *Bradley v. Judges of Superior Court*, 531 F.2d 413 (9th Cir. 1976); *Locke v. Bd. of Public Instruction*, 499 F.2d 359 (5th Cir. 1974); *Wilkinson v. Skinner*, 462 F.2d 670 (2d Cir. 1972); *Uzzell v. Friday*, 401 F. Supp. 775 (M.D.N.C.

1975), *aff'd in pertinent part*, 547 F.2d 801 (4th Cir. 1977); *Rappaport v. Little League Baseball, Inc.*, 65 F.R.D. 545, 547-48 (D. Del. 1975). Plaintiff's request for injunctive relief has become moot because he has received the treatment he sought.

Turning to the motion for default judgment, the named defendants have not been served with the complaint. As such, they are not in default. Plaintiff's motion for default judgment (ECF 8) is thus premature, and will be denied.

By way of a separate Order, service shall be effected on the named defendants so that they may respond to plaintiff's allegations regarding the delay in treatment and his requests for compensatory and punitive damages.


December 5, 2016                               _____/s/_____
Date                                           Ellen L. Hollander
                                               United States District Judge